IN THE

UNTITES STATES DISTRICK COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

Jason Spyres
   Plaintiff.

  -vs.-

Illinois Department of Corrections
Director,Roger E. Walker Jr.
Adminastrative Review Board, Melody
J. Ford, Warden Greg Firkus.
Dentist on the weekends at Logan
Correctional Dr. Carradine. Dentist
on the weekdays at Logan correctional
Dr. Brown. Dental Assistant Jan
Saylor. Grievance Officer Michael
Montcalm. Registerd Nurse,BSN,PSA,
Kathleen C. Nelson. In their official
and Individual capacities.
   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case Number 06-3083

## MOTION TO PROCEED IN FORMA PAUPERIS

    Jason Spyres , Plaintiff comes before this Honorable court
and respectfully requests that he be granted leave to file in forma
pauperis the attached motion for 42 U.S.C §1983 complaint.

    In support of this request, Plaintiff states

1.) That he has been continuosly incarerated sine June 19,2003.

2.)That he is incarerated at the Logan Correctional center located at

P.O.box 1000 Lincoln ILL. 62656

3.) That he is presently without assets and without any source of income

with which to to finance the cost of these legal proceedings ,as of

April 22nd. 2006.

    Wherefore, Plaintiff prays that he be granted leave to file in

forma pauperis the attached motion for42 U.S.C §1983 complaint.

    I swear the facts stated in this motion are true and correct

in substance and in facts.

Subscribed and sworn to before

me this   27   day of  *APRIL* ,2006

NOTARY PUBLIC

Jason Spyres.

pro-se.

"OFFICIAL SEAL"
K. Brinton
Notary Public, State of Illinois
My Commission Exp. 03/15/2009

IN THE
UNTIED STATES DISTRICKCOURT FOR
THE CENTRAL DISTRICK OF ILLINOES

Jason Spyres,
    Plaintiff.

     -VS-

Illinois Department of Corrections
Director, Roger E. Walker Jr.
Adminastrative Review Board, Melody
J. ford, Warden Greg firkus.
Dentist on the weekends at Logan cor-
rectional Dr.Carradine.Dentist on
the weekends at Logan Correctional
Dr. Brown. Dental Assistant Jan
Saylor. Grievance officer Michael
montcalm. Registerd Nurse ,BSN,PSA,
Kathleen C.Nelson . In their Official
andIndividual capacities.
    Defendants.

)
)
)
)
)
)   COMPLAINT
)
)
)     CASE NUMBER _____
)
)
)
)JURY TRIAL DEMANDED
)
)
)
)
)
)
)

---

    Now Comes Jason Spyres pro-se, and pursuant to 42 U.S.C. §1983complai-
ining that the above Defendants conduct alleges.

1.) Plaintiff Jason Spyres ( K99397) is currently incarcerated at the logan
Correctional Center ,P.o. box 1000 Lincoln Il. 62656

2.)Defendant Roger E. Walker Jr."Director"of the Illinois Department of
Corrections at 1301 Concordia court , P.O.box 19277, Springfeild Il. 62794

3.)Defendant Melody J. Ford "Administrative Review Board" of the Illinois
Department of Corrections at 1301 Concordia Court, P.O. box 19277 Spring-
feild Ill. 62794-9277

4.) Defendant Greg Firkus, "Warden" of Logan Correction Center. P.O.
box 1000 Lincoln Il. 62656

5.) Defendant Doctor Carradine "Dentist on the weekends "at Logan Correct-
ional Center.P.O.box 1000 Lincoln Il. 62656

6.) Defendant Doctor Brown"Dentist on the weekdays " at Logan Correctional
Center. P.O.box 1000 Lincoln Ill. 62656

7.) Defendant Jan Saylor "Dentist Assistant " at Logan Correctional Center
P.O.box 1000, Lincoln Ill. 62656

8.) DefendantMichael Montcalm,"grievance Officer" at Logan Correctional
Center .P.O.box 1000,Lincoln Ill. 62656

c

9.) Defendant Kathleen C. Nelson "RN.BSN,PSA" at Logan Correctional Center
P.O.box 1000,Lincoln Ill. 62656

## COUNT-1

The Plaintiff avers That the Illinioes Department of Corrections
employee's have Deprived Him of his Constitutional rights under the Eight
and Fourteeth Admendments in that they deliberatly failed to provide him
with adequate dental care to his serious medical needs.

1.) Plaintiff Spyres avers that he is and was a committed person
with in the Illinois Department of Corrections pursuant to 730ILCS 5/1-
1-1 et. seg. and 730 ILCS 5/3-7-2 (para.d)"all institutions and facilities
of the Department shall provide facilities for every committed person
with a wholesome and nutritional diet at regularly scheduled hours,drinking
water,clothing adequate for the season, bedding, soap and towels and medi-
cal and dental care.

2.) Plaintiff Spyres has a "Clear Right"  under 730 ILCS 5/1-1 et.
seg.(west 2005) to have the director and the warden follow their own rules
and that act is ministerial under 730ILCS 5/3-7-2 (para D).

3.) Plaintiff Spyres avers that on 5-08-04 he recieved one dental
extraction ( tooth nummber 30 ) and on 05-22-04 he recieved two fillings
(teeth numbers 10 and 11 ) . On 5-22-04 there still remained (5) badly
decomposed teeth remaining untreated in the plaintiff's mouth.

4.) Plaintiff Spyres avers that between 5-22-04 and 8-15-04 he
requested medical treatment several times to no avial. From 8-15-04 to
11-16-04 plaintiff continued to request treatment on nummerous occasions
complainin§ of severe pain  and discomfort.

5.) Plaintiff Spyres avers that between 8-15-04 and 9-29-04 he lost
(15) pounds  or more because of dental pain and complacations eatting.

6.) Plaintiff Spyres avers that on 11-17-04 he recieved a call pass
to go over  to the health care unit at Logan Correctional Center to see
the Dentist on 11-18-04.

7.) Plaintiff Spyres

7.)  Plaintiff Spyres avers that on 11-18-04 he was seen by Jan Saylor, The dental assistant. The plaintiff complained of dental pain and extreme discomfort . Plaintiff stated he had cavities that needed to be fixed . Plaintiff recieved no pain medication nor was seen by the dentist , Plaintiff was informed that he was placed on a "Restoration list"  and would be seen when his turn came up.

8.)The plaintiff avers that between 11-19-04 and 0601-05 he continued to complain of dental pain and bleeding from the gums while requesting to be seen by a dentist svereal times to no avail.

9.)  The plaintiff avers that on 06-20-05 and 07-05-05 , he filed two emergency Grievances complaining of not recieving adequate dental treatment. Plaintiff Spyres stated he had cavities , was bleeding from the gums , had a bad oder comming from his mouth and was in extreme pain and discomfort. The plaintiff's relief requested was for all needed dental treatment to be done and THat his pain be releved intill Treatment can be completed.( See Exhibit -A , Which is a Plaintiff's Grievance dated 06-20-05 and plaintiff's Exhibit-A-1, Which is The plaintiff's grievance dated 07-05-05  which is attached hereto and made apart of hereby referance.

10.)  The Plaintiff avers that  on 07-07-05 he was seen by the same dental assistant ( Jan Saylor ) He seen on 11-18-04. The Plaintiff once again complained ofdental pain , Bleeding gums, oder in his mouth , extreme discomfort in regaurds to senitivity to colf fluids and cavities in his mouth.Jan Saylor informed the Plaintiff to rinse his mouth out  and to buy a new toothbrush. The Plaintiff once again requested pain medication ; However, He was denied and also was not seen by a dentist. Jan saylor stated that pain medication would not be warrented in this case. Jan Saylor also informed the plaintiff that he was still on a "Restoration List" to be seen by the dentist.  No dental treatment and/ or pain medication was obtained this day.

3:06-cv-03083-HAB-CHE    # 1    Filed: 05/02/06    Page 5 of 25

11.) Plaintiff Spyres avers the Grievance officer ,Michael Montcalm, reviewed the two emergency grievances  and filed a report and subsequent recommendation based on a report and memorandum completed by " Kathleen C. Nelson" on July 12,2005.The grievance Officers subsequent recommendation was filed on July 20, 2005 ,which was approved by Greg Firkus,The Cheif Administrative officer ( and warden) on July 25, 2005. Both of the grievances "Emergency Status" were found to be unsubstanted.

12.) Plaintiff Spyres avers  that he appealled the ruling of his grievances to the Administrative Review Board in Springfeild Illinois which was recived on July 29, 2005 by Melody J. Ford who was incharge of "Inmate Issues".

13.) Plaintiff Spyres avers that on 8-11-05 it was determined by Melody J. ford and concurred by Roger E. Walker Jr. That the two grievances would be addressed without a formal hearing. Thus, Subjected the Plaintiff to a"Partial Hearing ".Upon the hearing, The grievances 's were denied based on a "Total Review of all Avialable Information"(See Ex.B ,A letter from Melody J. Ford of his denial and concurred by Roger E. Walker Jr.  to the plaintiff dated 8-11-05 , Attached hereto and made apart hereby Referance.)

14.) Plaintiff Spyres Avers that on 12-19-05  he filed a Writ of Mandamus In The 11 Judicail circuit , Logan County Illinois .

15.) Plaintiff Spyres Avers that on 3-08-06 There was a Motion to dismiss his writ of Mandamus and  His complaint was dismissed without prejudice towards damages . As for compelling of Dental Treatment , Plaintiff timly appealed.

16.) Plaintiff Spyres avers that on 4-21-06 He was once again seen by Jan Saylor. Plaintiff stated he was in pain, Had Discomfort eatting , was senistive to cold fluids, Had teeth break and shatter on him, Had Horrible oders coming from his mouth,Had pain while flossing and bleeding

-4-

Para . 16 continued.

gums. Plaintiff asked for pain medication and was informed tylenol would be bad for his stomach.Jan Saylor told the Plaintiff that the prison was extremly understaffed to handle the dental needs of it's inmates and that they would hopfully get to Him shortly. No pain medication was given this day  and no  dental treatment was provided.Plaintiff was told to buy some dental floss and to be patient because it would most likely be atleast a couple of months.

### COUNT-2

The plaintiff avers that the Illinois Department of Corrections employee's have deprived Him of his Constitutional rights under the Eight and Fourteenith Admendments and violated ILL.Adm.Code. 730 ILCS 5/3-7-2, paragragh D.

17.) Plaintiff Spyres hereby Incorporates the allegations contained in count-1 , with these contained in count-2.

18.)Plaintiff Spyres is and was a committed person within the Department Of Corrections pursuant to 730 ILCS 5/1-1-1et.seg. (west 2004) at the time when the medical staff at logan Correctional Center Failed to provide Plain-tiff Spyres with adequate medical care from 5-23-04 to the present.

19.)Plaintiff Spyres avers that the statues , and prison regulations are a creation of the state. Plaintiff avers that 730 ILCS 5/3-7-1 and The Department of Corrections promulgated title 20 Ill.Adm.Code section 415.30 paragraghs c and f all fall under the " Liberty that is equally protected when that liberty itself is a statutory creation of the state".

20.) Plaintiff Spyres avers that the state is not denying the fact that they did not creat the right, The above statute and the regulstions; Therefor,  Recongized the right to adequate Dental and Medical care.

(Para. 20 continued)

The plaintiff's interset is in real substance and it is suffiently embraced within the Eight and fourteenith Admendments ,"Liberty to entitle him to these minimum procedures approprate under the circumstance and required by due-process clause to insure that the state created rights is not arbit-arally abrogated.

21.)Plaintiff Spyres avers that the arbitary action of the Department of Corrections( which violated his liberty interest in the statutory 730 ILCS 5/3-7-1 paragragh D.Title facilities and the Department of Corrections which promulgated title 20 Ill.Adm.Code section 415.30 ) was compromised and prejudiced when the medical staff at Logan Correctional Center denied the plaintiff emergency and adequate treatment from a period of 5-23-04 to the present.

22.) Plaintiff Spyres avers that on July 12, 2005 ,there were two memo-randums isssued from Kathleen C. Nelson -RN to Michael Montcalm concerning the two grievances that were recieved on June 20, 2005 and on july 5, 2005. They were concering the cavities and dental pain and discharges of blood coming from the plaintiff's mouth.(See Ex. C and Ex C-1 attached to and made apart of hereby referance.) Also See  Ex. D and Ex.D-1 which are subse-quent reports by Michael Montcalm concering each of the plaintiff's grievance s dated 7-20-05, Attached hereto and made apart hereof by refervance.

23.) Plaintiff Spyres  avers that both memorandums admits  that the Plaintiff's cavities need to be treated by placing him on the  waiting list to have his cavities drilled out and filled in.

24.) Plaintiff Spyres avers that Ex. E is a copy of the Plaintiff's dental treatment needed to be completed , which was filled out in "Grahams Recieving Center" on 8-19-03, And Ex E-1 is a copy of the plaintiff's dental record of treatment from 8-19-03 to the present. Attched here to and made apart hereof bt referance.

23.) Plaintiff Spyres avers that Exhibit-E shows the needed treat-
ment of cavities that either need to be extracted or have "Restoration
Done " .

24.) Plaintiff Spyres avers that as of 05-23-04 to the present,
there remain to be (5) cavities untreated by the dental staff at logan
Correctional Center. Exhibit -E shows that tooth numbers 4,6,7,12 and
14 remain to be treated as of 05-23-04.

25.) Plaintiff Spyres avers that on 04-22-06 the plaintiff spoke
with Greg Firkus in the dayroom of Housing unit 8 at Logan Correctional
Center. The Plaintiff personally informed Mr. Firkus of his dental
Pain, Discomfort and cavities. Plaintiff showed Greg Firkus some of
his cavities and asked for his help in relieving his pain. Greg Firkus
stated that the dental facilities were horribly understaffed and that
there was only one part time dentist left "If I can Remember" .The
plaintiff asked if Greg Firkus could get him some treatment and Greg
Firkus stated he could not and walked away.

26.) Plaintiff Spyres avers that the above number of cavities
continue to cause severe pain, discomfort and bleeding from the gums,
which may not be able  to be restored due to the Deliberate Indifference
to his serious medical needs. This is causing the plaintiff to suffer
**"Irreparable Harm"** .

### Claims For Relief

27.) The actions of Jan Saylor for refusing to prescribe pain
medication and refusing to refer the Plaintiff to the dentist for emerg-
ency treatment and/or adequate treatment of the plaintiff's serious
medical needs, Which was done with a Deliberate Indifference to his
serious  medical needs in violation of the Eighth and Fourteenth
amendments.

-7-

28.) The actions of Kathleen C. Nelson for refusing to substantate the emergency status of the plaintiff's two grievances which subjected the plaintiff to continued pain and discomfort, Which was done with a Deliberate Indifference to the plaintiff's serious medical needs in violation of the Eighth and Fourteenth amendments.

29.) The actions of Michael Montcalm for refusing to substantate the emergency staus of the plaintiff's two grievances  with a Deliberate Indifference to the Plaintiff's Pain and Discomfort because of his serious medical needs , Which is a violation of the Eighth and Fourteenth Amendments

30.)The actions of Greg Firkus for approving Michael Montcalm's recommentdation and refusing to substantate the emergency status and order all needed treatment done.For his refusal to staff his facility with adequate dental care to treat the Plaintiff's serious Medical needs Also For not helping the Plaintiff seek treatment he was in need of when asked to help on 04-22-06. All which is in violation of the Eighth and fourteenth amendments,All done with his Delibertate Indifference.

31.) The actions of Doctor Carradine for not providing the plain- tiff with adequate dental treatment or carrying out the treatment already perscribed to be done on 8-19-03 for the plaintiff's serious medical needs. In doing so with a Deliberate Indifference in violation ᴐf the Eighth and Fourteenth amendments.

32.)The actions of Doctor Brown for not providing the palintiff with adequate dental treatment or carrying out the treatment already prescribed to be done on 08-19-03 for the plaintiff's serious medical needs. In doing so with a Deliberate Indifference in violation of the Eighth and fourteenth amendments.

33.) The actions of Melody J. Ford for refusing to address the appeal of the two Plaintiff's grievances with a formal hearing. For finding the emergency status of the two grievances to be unsubstantated and in doing so , with a Deliberate Indifference to the Plaintiff's serious medical needs , in violation of the Eighth and fourteenth Amendments.

34.)The actions of Roger E. Walker Jr. for concurring with Melody J. Ford to not hold a formal hearing on the Plaintiff's appeal of his two grievances and for finding the emergency status of the two grievances to be unsubstantated. Doing so with a Deliberate Indifference to the plaintiff's serious medical needs , in violation of the Eighth and Fourteenth amendments.

35.) Plaintiff Spyres avers that our United States Supreme Court established a two prong test to make a claim under the Eighth Amendment in Estelle v. Gamble, 429 U.S. 9797.S.CT.285,50 L.ED.2d 251 (1976). Prong 1)Being that the Medical need(s) were treated with a Deliberate Indifference. Prong 2) Being that the Medical need(s) that were treated with a Deliberate Indifference were serious.

36.) Plaintiff Spyres avers that the Defendants in this case have without a doubt met both prongs of Estelle v. Gamble Ibid. When it came to the Plaintiff's serious medical needs.

37.)Plaintiff Spyres avers that in Dean v Coughlin ,623 F.supp.401 (D.C.N.Y) the court cited ,Todaro v Ward, 565 F.2d at 52 and stated "that repeated examples od delayed or denied medical treatment bespeaks Deliberate Indifference by prison officials to the medical needs of inmates.".

38.)Plaintiff Spyres avers that on svereal occassions he asked to be seen by a dentist and was only talked to by Jan Saylor, The dental Assistant. Plaintiff filed two emergency grievances  speaking of his extreme pain ,discomfort and medical needs and was only placed on a waiting list and his emergency status was denied along with his grievances. For that and other reasons the Plaintiff can prove a showing of Deliberate Indifference to his serious medical needs by all Defendants

39.) In DEAN V COUGHLIN ,623 F.supp. 404, The court ruled " the Constitution does not require wise dentistry , only dentistry that responds to inmates' pain and discomfort". This clearly purports that the Plaintiff has a " Clear Right" to dentistry ehich is in responce to his medicalneeds which cause "pain and discomfort"

40.) In DEAN V COUGHLIN  Ibid. The court ruled although the Deliberate Indifference standerd does not mandate prison officials to seek out patients for treatment, it does require that the inmates' be provided with a procedure to make those needs known and then treat those needs.

41.)The plaintiff met his burden in order to recieve treatment by going through the proper procedure to recieve dental treatment. After doing so , the plaintiff was seen bt denfendant Saylor on 11-18-04 and on 07-07-05 and on 04-21-06. On all times the plaintiff personally informed Jan Saylor of his pain, discomfort and needs, requested Pain medication and to be seen by a dentist as soon as possible.

42.) Plaintiff Spyres should have been seen by  someone quailfied to be able to treat and/or diagnose the his medical needs. If defendant saylor could not do so then she should have refered the Plaintiff to someone who could have (i.e. a dentsit) .If Saylor could not diagnose or perscribe treatment, She was also deliberately Indifferent by making the determination that no pain medication was warrentted in this case.

43.) Since the Defendants failed to provide treatment to the plaintiff after he went thought the proper procedure to obtain treatment, the plaintiff is now suffering Irreparable Harm. This clearly bespeaks Deliberate Indifference  to the Plaintiff's serious medical needs.

44.)In DEAN V COUGHLIN 623 f.supp.,402, the court founf inmates waiting 6 months or more for treatment after being diagnosed showed a instance of Deliberate Indifference to their dental needs. The Plaintiff in this case was diagnosed with cavities on 08-19-03. The Plaintiff

(para. 44 continued)

has recived no dental treatment sine 5-22-04 for his cavities (see Ex
E and E-1) The plaintiff has waited well over 23 months  which is clearly
over the 6 months in <u>DEAN V. COUGHLIN.</u> Ibid., which consitutes a showing
of Deliberate Indifference.

45.)The Plaintiff in this case was Diagnosed and placed on a waiting
list  to have said treatment done in responce to his needs. The issue
now turns to the time between diagnosis, having said treatment perscribed
and then said treatment being performed, and rather there was a deliber-
ate Indifference  to the needs diagnosed and/or the treatment of those
said needs.Thus, The Plaintiff has substantated prong 1 of the test
set forth in <u>Estelle v Gamble</u>,429 U.S. 97,97 S.CT.285,50 L.ED.2d 251
(1976).

46.) Plaintiff Spyres avers that prong 2  of <u>Estelle v Gamble</u> Ibid
has been met.In <u>DEAN V COUGHLIN  </u>,623 F.supp.404 (D.C.N.Y. 1985), the
court ruled that "inmates' other dental needs-for fillings,crowns, and
the like-are serious medical needs as the law defines the term".

47.)Plaintiff Spyres avers that he still has atleast a minumum
of 5 cavities that need treatment(see exhibit E). The defendants have
conceeded this fact. By Plaintiff Spyres being placed on a "Restoration
list" , the defendants have Acknowleadged the exsistance of the need
for medical treatment and the seriousness of that needed treatment to
be done. Thus, Both prongs of <u>Estelle v Gamble,</u>429 U.S. 97,97 S.CT.285,
50 L.ed.2D 251 (1976) have been met and the plaintiff has substantated
the two prongs needed for a claim under the Eighth Amendment .

48.) Plaintiff Spyres avers that hs is entitled to adequatemedical
care(treatment) to his serious medical needs which have not been met.

### RELIEF REQUESTED

**A**  Issue an order to the Warden at Logan Correctional Center to Either have the Dentist here at Logan correctional center , Or have the Plaintiff writted to the nearest Dental Facility here in Logan County to fix and treat all five remaining cavities and perform any other treatment deemed necessary for proper and adequate dental care to the Plaintiff's dental needs.

**B**  Award the Plaintiff Compensative damages in an amount not less than $1000.00 dollars against (from ) each Defendant in their Official and Individual capacities for the Plaintiff's physical suffering and emotional pain caused by their Deliberate Indifference to the Plaintiff's serious Medical needs.

**C**  Award the Plaintiff punitive damages in an amount not less than $500.00 dollars against (from) each of the Defendants in their Official and Individual Capacites.

Jason Alan Spyres .

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

Date: 6-20-05   Offender: JASON SPYRES   ID#: K99397
(Please Print)

Present Facility: LogAN   Facility where grievance issue occurred: LogAN

**NATURE OF GRIEVANCE:**

☐ Personal Property   ☐ Mail Handling   ☐ Restoration of Good Time   ☐ Disability
☐ Staff Conduct   ☐ Dietary   ☒ Medical Treatment   ☐ HIPAA
☐ Transfer Denial by Facility   ☐ Transfer Denial by Transfer Coordinator   ☐ Other (specify): _____

☐ Disciplinary Report:   ___/___/___   _____
                          Date of Report        Facility where Issued

Note:   Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: I HAVE HORRIBLE CAVITIES. I HAVE SEEN The DENTIST ASSISTANT AROUND 9 To 10 months Ago. She STATED ThAT They would Be Able To ATTEND To my DENTAL NEEDS IN FEBRUARY 2005. My CAVITIES ARE beComing Too Big To be DRILLED out And filled IN IF NOT promptly TREATED. I DO NOT WANT Any more of my Teeth "pulled" Because Illinois DEPARTMENT of CORRECTION failure To ATTEND To my mEDICAL NEEDS in A proper Amount of Time. I HAVE pATiENTly waiTED 4-months pAST FEBUARY (2005) AND DESERVED To have the

Relief Requested: My CAVITIES AND All other DENTAL NEEDS To be Tooken (TAKEN) CARE of promptly. EVEN, IF I HAVE To pAy for it All. (Which Since I Am in your CUSTODy, I ShouldNT have To)

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____   K99397   6, 20, 05
Offender's Signature           ID#       Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 6 / 24 / 05   ☐ Send directly to Grievance Officer   ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Concerns dental treatment, unable to resolve at this level. Refer to Grievance Committee.

_____   _____   6, 24, 05
S. Buckles                   Counselor's Signature        Date of Response
Print Counselor's Name

---

**EMERGENCY REVIEW**

Date Received: ___/___/___   Is this determined to be of an emergency nature?   ☐ Yes; expedite emergency grievance
                                                                                 ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____   ___/___/___
Chief Administrative Officer's Signature   Date

Distribution: Master File; Offender   Page 1   DOC 0046 (Rev. 3/2005)
Printed on Recycled Paper

EXHIBIT (A)

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

DENTAL WORK THAT I WOULD OF ALREADY HAD DONE
IF I WAS NOT IN PRISON. I WILL PAY FOR
MY TREATMENT (AND CLEANING) IF THAT IS NECESSARY
I DO NOT WANT TO END UP WITH DENTURES
(FAKE TEETH) WHEN MY TEETH ARE ABLE TO BE
FIXED AS LONG AS THEY ARE ATTENDED TO AS SOON
AS POSSIBLE.
MY PROJECTED OUT-DATE IS 2018, SO IT IS
NOT A MATTER OF PUSHING MY TREATMENT BACK INTIL
I AM RELEASED (AND NO LONGER YOUR PROBLEM). FIX MY
CAVITIES NOW OR HAVE TO REPLACE ALL MY TEETH
LATER. PLEASE DO NOT WAIT FOR THE LATTER I
HAVE REQUESTED DENTAL TREATMENT MANY TIMES WITH
NO SUCCESS. I AM TIRED OF WAITING.

Yahweh Bless

-Jackson Spurges

BACKSIDE
OF
EXHIBIT A

Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS

**OFFENDER'S GRIEVANCE**

Date: 7-5-05    Offender: JASON SPYRES    ID#: K99397
(Please Print)

Present Facility: LOGAN    Facility where grievance
issue occurred: LOGAN.

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify): _____

- [ ] Disciplinary Report: ____/____/____
    Date of Report    Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    Chief Administrative Officer, only if EMERGENCY grievance.
    Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
    administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
    Administrative Officer.

Brief Summary of Grievance: This is A continuation of A "offender's Grievance" I WROTE IN LATE JUNE, 2005 (Approximatly JUNE 20th). I AM NOT Recieving proper DeNtial TREATMENT. I AM CURRENTLY IN pain when I eAt and During various times Through-out The DAY. I HAVE ASKED TO see the DENTisT; However my most Recent Attempts have NOT been Able TO Recieve a Response.
    I HAVE cAvities Along my Gum line And I FEAR My Teeth will get to the point of needing To be Removed RATHer Than Drilled out AND Filled IN.

Relief Requested: All needed DeNtial TREATMENT TO sAve my teeth from needing Removed. TREATMENT To Be Done IN A ~~exped~~ expedient MANNER TO help Relieve my pAIN

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____    K99397    7, 5, 05
Offender's Signature    ID#    Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 7, 10, 05    [ ] Send directly to Grievance Officer    [ ] Outside jurisdiction of this facility. Send to
    Administrative Review Board, P.O. Box 19277,
    Springfield, IL 62794-9277

Response:    Refer to HCU/GO.

Moffett    _____    7, 10, 05
Print Counselor's Name    Counselor's Signature    Date of Response

---

**EMERGENCY REVIEW**

Date Received: 7, 6, 05    Is this determined to be of an emergency nature?
    [ ] Yes; expedite emergency grievance
    [x] No; an emergency is not substantiated.
    Offender should submit this grievance
    in the normal manner.

_____    7, 6, 05
Chief Administrative Officer's Signature    Date

Distribution: Master File; Offender    Page 1    DOC 0046 (Rev. 3/2005)
Printed on Recycled Paper    Exhibit (A-1)

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

When I brush my teeth, I feel pain and notice discharges of blood. My toothbrush has a odor after I use it and my breath is a horrible smell on a constant basis. I think all this is due to a gum diease or problem due to having cavities and a lack of needed dental care by a dentist or ect. I think my pain and other problems are growing worse by the day.

I feel this is a deliberate indifference and extremly negitive health care handling for which I continue to endure this pain when it could easily be fixed with proper dental work done in a expedient fashion. If I was not in prison I would of had all my dental work completed over 10 months ago, if not sooner. I should not have to wait intill I will no longer be able to save my teeth and end up with dentures (false teeth) due to the unneeded wait to recieve dental treatment.

All other facts pertaining to this situation should of already been addressed (mentioned) in my June 2005 grievance on dental care. I ask that this grievance be heard and handled with my prior grievance mentioned above (June, 2005)

BACK SIDE of EXHIBIT (A-I)

**Rod R. Blagojevich**
Governor

# Illinois
### Department of
# Corrections

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

August 11, 2005

Jason Spyres
Register No. K99397
Logan Correctional Center

Dear Mr. Spyres:

This is in response to your grievance received on July 29, 2005, regarding medical treatment (alleges he is not receiving needed dental treatment), which was alleged to have occurred at Logan Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report and subsequent recommendation dated July 20, 2005 and approval by the Chief Administrative Officer on July 25, 2005 have been reviewed.

The Grievance officer notes that you are on the waiting list for dental treatment and that you were seen on July 7, 2005 and given dental hygiene instructions.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied.

FOR THE BOARD:  _____

Melody J. Ford
Administrative Review Board
Office of Inmate Issues

CONCURRED:  _____

Roger E. Walker Jr.
Director

cc:    Acting Warden Greg Firkus, Logan Correctional Center
Jason Spyres, Register No. K99397

EXHIBIT (B)



**Illinois**
Department of
**Corrections**

Rod R. Blagojevich
Governor

Roger E. Walker Jr.
Director

Logan Correctional Center / 1096 1350ᵗʰ Street / P.O. Box 1000 / Lincoln, IL 62656 / Telephone: (217) 735-5581 / TDD: (800) 526-0844

# M E M O R A N D U M

**DATE:**      July 12, 2005

**TO:**         Michael Montcalm
                Casework Supervisor

**FROM:**     Kathleen C. Nelson – RN, BSN, PSA

**SUBJECT:**   *GRIEVANCE FILED BY OFFENDER Jason Spyres, #K99397*

I am in receipt of the grievance dated June 20, 2005. The grievance was received in this office in July 2005.

**Grievance Issue:**   Offender states that he has horrible cavities. He states that he was seen by the dental assistant around 9 months ago and told that his dental needs would be taken care of in February 2005. Offender states that his cavities are becoming too big to be drilled and filled due to having treatment in a proper amount of time.

**Relief Requested:**   Wants cavities and all other dental needs to be taken care of promptly.

**Response:**   Offender was seen by the dental assistant on November 18, 2004 for dental call line complaining that he had cavities. Offender was on the filling list. On May 08, 2004 and May 22, 2004 offender had received dental treatment at Logan. Since his incarceration at Logan on September 24, 2003 offender has a history of failing to show up for dental appointments. Offender remains on the filling list and will receive treatment by the D.D.S. as soon as scheduling permits. Currently Category 1 dental treatment is provided to offenders first according to the AD.

**Conclusion:**   Grievance is not substantiated. Offender has received dental treatment and is on the filling list.

KCN:js
c: file

*ExhiBiT (C)*



**Illinois**
Department of
**Corrections**

Rod R. Blagojevich
Governor

Roger E. Walker Jr.
Director

Logan Correctional Center / 1096 1350th Street / P.O. Box 1000 / Lincoln, IL 62656 / Telephone: (217) 735-5581 / TDD: (800) 526-0844

# M E M O R A N D U M

**DATE:**      July 12, 2005

**TO:**        Michael Montcalm
              Casework Supervisor

**FROM:**      Kathleen C. Nelson – RN, BSN, PSA

**SUBJECT:**   *GRIEVANCE FILED BY OFFENDER Jason Spyres, #K99397*

I am in receipt of the grievance dated July 05,2005. The grievance was received in this office in July 2005.

**Grievance Issue:**     Offender states that he is not receiving proper dental treatment. He states that he is currently in pain when he eats and at various times through out the day. He states that he has cavities along his gum line and is concerned that his teeth will have to be removed rather than drilled and filled. Offender also states that he notices discharge of blood when he brushes his teeth and a bad smell.

**Relief Requested:**    Requests all needed dental treatment to save his teeth from being removed. Wants treatment done in an expedient manner.

**Response:**            Offender was seen by the dental assistant on November 18, 2004 for dental call line complaining that he had cavities. Offender was on the filling list. Offender was seen again on dental call line July 07, 2005 and given oral hygiene instructions.  On May 08, 2004 and May 22, 2004 offender had received dental treatment at Logan. Since his incarceration at Logan on September 24, 2003 offender has a history of failing to show up for dental appointments. Offender remains on the filling list and will receive treatment by the D.D.S. as soon as scheduling permits. Currently, Category 1 dental treatment is provided first to offenders according to the AD.

**Conclusion:**          Grievance is not substantiated. Offender has received dental treatment and is on the filling list.

*EXHIBIT (C-1)*

| Grievance Officer's Report |
| --- |

Date Received: 7 / 5 / 05    Date of Review: 7 / 20 / 05    Grievance # (optional): _____

Committed Person: Spyres    ID#: K-99397

Nature of Grievance: Medical treatment - Dental

Facts Reviewed: Grievance reviewed, forwarded to D.O.N. Nelson for a response.
    D.O.N Nelson reported Spyres K99397 was seen by the dental assistant on 11/18/04 complaining of cavities. Spyres was seen 7/7/05 and given dental hygiene instructions. Spyres remains on the fillings list and will receive treatment by the D.D.S. as soon as scheduling permits. Currently Category 1 treatment is provided first to offenders according to the A.D.

Recommendation: Based on D.O.N. Nelson's report Spyres K99397 appears to be receiving Available Dental treatment, NO Substance

M. Montcalm
Print Grievance Officer's Name

Grievance Officer's Signature

(Attach a copy of Committed Person's Grievance, Including counselor's response if applicable)

| Chief Administrative Officer's Response |
| --- |

Date Received: 7-25-05    ☒ I concur    ☐ I do not concur    ☐ Remand

Comments: _____

George P. Fuhr
Chief Administrative Officer's Signature

7 / 25 / 05
Date

| Committed Person's Appeal To The Director |
| --- |

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____    _____    ___/___/___
Committed Person's Signature    ID#    Date

EXHIBIT (D)

| Grievance Officer's Report |
|---|

Date Received: 7 / 5 / 05    Date of Review: 7 / 20 / 05    Grievance # (optional): _____

Committed Person: Spyres                 ID#: K-99397

Nature of Grievance: Medical treatment — Dental

_____

_____

Facts Reviewed: Grievance reviewed, forwarded to DON Nelson
for a response.
    D.O.N. Nelson reported Spyres K-99397 was
seen by the dental assistant on 11/18/04 complaining of
cavities. Spyres was seen 7/7/05 and given dental
hygiene instructions. Spyres remains on fillings list
and will receive treatment by the D.D.S as soon as
scheduling permits. Currently, Category 1 dental
is provided first to offenders according to the A.D.

_____

_____

_____

Recommendation: Based on D.O.N. Nelson's report Spyres K-99397
appears to be receiving available Dental treatment.
NO Substance

M. Montcalm                          M. [signature]
Print Grievance Officer's Name          Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

Date Received: 7-25-05    ☒ I concur    ☐ I do not concur    ☐ Remand

Comments: _____

_____

[signature] Guy P. Farley                          7 / 25 / 05
Chief Administrative Officer's Signature                    Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

                                                            /     /
Committed Person's Signature          ID#          Date

EXHIBIT (D-1)

# STATE OF ILLINOIS – DEPARTMENT OF CORRECTIONS

Inmate/Student Name __Syphers Sasan__

Inmate/Student I.D.# __K99397__

Reception Facility __Graham R & C__

Panorex _____

Screening __8-19-03__

DDS sig __Ray Barra, D.M.D.__

☐ Schedule immediately at R&C
☑ Schedule routine exam at receiving institution
☐ Schedule immediately at receiving institution

## Public Health Classification Screening Dates

| | | | | | | Pathology |
|---|---|---|---|---|---|---|
| Endodontics | | | | | | |
| Oral Surgery | | | | | | |
| Periodontics | | | | | | |
| Operative | | | | | | |
| Prosthetic | | | | | | |

Receiving Inst. _____

Dentist _____

Date _____

## MEDICAL HISTORY AND REMARKS

| | Yes | No | Current Medication |
|---|---|---|---|
| Cardio Vascular Disease | | | |
| Pulmonary Disease/Asthma | | | |
| Diabetes | | | |
| Epilepsy | | | |
| Hepatitis | | | |
| V.D. (Type ____) | | | |
| Allergies (Type ____) | | | |

JUVENILE

Existing Restorations and Missing Teeth

Treatment Needed and Completed Restorations

TREATMENT NEEDED - COMPLETED RESTORATIONS

ADULT

EXISTING RESTORATIONS & MISSING TEETH

EXHIBIT (P)

| Date | Service Rendered — E H & C Exam, Panr. Oral Hygiene Instructions Given | D.D.S. Signature | Date | Service Rendered | D.D.S. Signature |
|---|---|---|---|---|---|
| 8-19-03 | | | 5-21-04 | 2 b-als # 10 MBC + D B L compl # 11 MOL comp (C2) | |
| 19 NOV 03 | R. Sel P ⌐ W | | | | |
| 24 NOV 03 | S:Ck CMPL (82✓) | A.M.D. | 11-18-04 | 5: Pt asympluries | |
| 10 ⁵² | S: Pr w/5175  DA/TA 7- | | 0940 | That the hard | |
| | O/A Loomm BMm 9 4 Plm | | | can give | |
| 26 NOV 03 | NO 5 1m/  12 ⁼ BP | | | C: Previas dlant | |
| 12 ⁴² | | | | Pnt + | |
| 03 DEC 03 | R. Su P ⌐ w  BP | | | A/P: txt was t | |
| 15 DEC 03 | NO 5 7m  8·9  AM ⌐ | | | for re-eval from | |
| 09 ⁵⁵ | | | | (copog) proposed | |
| 17 FEB 04 | 12 Su P IW (82✓) | | 7/7/05 | 5: Se-e-eu 11-18-04 | |
| 23 FEB 04 | S:Ck CALL  BPD. | | 0850 | O: Patient | |
| 10 ⁵⁵ | S: Pt w/5175  BPD. | | | MP Ollendal w/pn | |
| | O/A 505 MM  O/? NO 5 Mon/ | | | to Mid first Capag | |
| | # 30 + + Prcwo | | | camplfill. Placed | |
| | P: 600 AM | | | perfroad clean | |
| 22 FEB 04 | NO 5 MON  7 ᵉ AP T | | | R: explaile | |
| 09 ⁵⁵ | — see 1Mj  O/? NO 5 4m | | | | |
| 01 MAR 04 | R. Su P w | | | | |
| 08 MAR 04 | S:Ck CALL (82✓) | | | | |
| 09 ³⁵ | S: Pt w/5/13  no | | | | |
| | O/A 505 MM  OT NO 5 Mon/ | | | | |
| | P:  BD | | | | |
| 5-8-04 | 2 b als # 3 C | | | | |
| | RCT, PCT  R2- A | | | | |

## IN THE
## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

Jason Spyres                                         )
    Plaintiff.                                   )
                                                 )
    -vs-                                         )
                                                 )
Illinois Department of Corrections                   )
Director, Roger E. Walker Jr.                        )
Adminastrative Review Board, Melody J                )         Case Number_____
Ford, Warden Greg Firkus.                            )
Dentist on weekends at Logan correctional            )
Doctor Carradine.Dentist on weekdays                 )
at logan Correction Doctor Brown.                    )
Dental assistantJan Saylor.                          )
Grievance Officer Michael Montcalm.                  )
Registerd Nurse,BSN,PSA,Kathleen C.                  )
Nelson. In their Official and                        )
Individual capacites.                                )
    Defendants.                                  )
                                                 )
                        NOTICE OF FILING

TO:Hardin W. Hawes
    Clerk of the Central District court
    U.S. Courthouse
  600 E.Monroe street . suite 151
  Springfield ILL. 62701

      Please take notice that on APRIL. 27TH 2006 ,I will be filing
the foregoing attached to submit 42 U.S.C §1983 complaint, with the clerk
of the United States District Court For the Central District of Illnois.

### CERTIFICATE OF SERVICE

      I, Jason Spyres, Declare under the penalty of perjury to 735
ILCS 5/1-109, that I have served a true copy of the foregoing 42 U.S.C
§1983 complaint ,on each of the parties listed above by placing the
documents in the U.S. mail box with Certified Postage at the Logan Correc-
tional Center on this __27__ day of __APRIL__

                             Jason Spyres pro-se.

Subscribed and sworn to before me
this day __27__ of __APRIL__ ,2006

  Notary Public

"OFFICIAL SEAL"
K. Brinton
Notary Public, State of Illinois
My Commission Exp. 03/15/2009